IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MICHAEL CANNON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 24-cv-01578-LKG |
| ) | |
| v. ) | Dated:  October 2, 2024 |
| ) | |
| PROGRESSIVE GLOBAL ENERGY, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER ON MOTION TO REMAND

### Introduction

Plaintiff, Michael Cannon, has moved to remand this civil action to the Circuit Court for Prince George's County, Maryland. ECF No. 18. Defendants Specialist Staffing Services, Inc. ("Specialist Staffing") and Jeff Thorn oppose the Plaintiff's motion for remand. ECF No. 20. Defendant Progressive Global Energy, Inc. has not appeared in this action. Defendant Potomac Electric Power Company ("Pepco") has filed an answer to the complaint, but has taken no position on the Plaintiff's motion. ECF No. 14. Defendant Erick Taylor also takes no position on the Plaintiff's motion. ECF No. 25.

The motion to remand is fully briefed. ECF Nos. 18, 20 and 21. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court (1) **GRANTS** Plaintiff's motion to remand and (2) **REMANDS** this matter to the Circuit Court for Prince George's County, Maryland.

### Background

On April 26, 2024, Plaintiff commenced this negligence action against the Defendants, Progressive Global Energy, Inc., Pepco, Specialist Staffing, Jeff Thorn and Erick Taylor, in the Circuit Court for Prince George's County, Maryland. ECF No. 3. In the complaint, Plaintiff alleges that, on December 3, 2021, he was employed by AUI, Inc. ("AUI") to install battery

powered security cameras to the Pepco Substation located at or near 9833 Piscataway Road, Clinton, Maryland (the "Pepco Substation"), which is owned, maintained and/or operated by the Defendants.  *Id*. at ¶¶ 10-11, 14.  The Plaintiff also alleges that the camera project involved placing a camera mount midway up the Pepco Substation's exterior wall, which required the installation of a non-conductive "Mule-Line."  *Id*. at ¶ 21; *see also* ECF No. 18 at ¶ 7.

In this regard, Plaintiff alleges that "all members on site had the understanding that the lines connected to the . . . circuit bushings where the [camera] work would be performed [had been] de-energized since . . . November 30, 2021."  ECF No. 3 at ¶ 22.  And so, the Plaintiff alleges that on December 3, 2021, Defendant Erick Taylor "operated [a] scissor lift," which elevated Plaintiff in the lift bucket to install the "Mule-Line."  *Id*. at ¶¶ 23-24.

While Plaintiff was elevated in the scissor lift, an arc flash occurred between an energized circuit bushing and the corner of the scissor lift's top railing.  *Id*. at ¶ 25.  And so, Plaintiff alleges that he suffered second degree burns to his arms and torso, third degree burns to his right shoulder and other injuries, as a result of the Defendants' negligence "in failing to properly control, manage and exercise reasonable care over the [Pepco] Substation and the work being performed there . . . [and] in the operation and use of the lift."  *Id*. at ¶¶ 26-29; *see* ECF No. 18-4 at 42.

On May 31, 2024, Defendants Specialist Staffing and Jeff Thorn removed this case from the Circuit Court of Prince George's County to this Court.  ECF No. 1.  In the notice of removal, Defendants state that removal is appropriate, because: (1) Plaintiff is a Maryland resident; (2) Defendant Progressive Global Energy, Inc. is a Delaware corporation with its principal place of business in Texas; (3) Defendant Specialist Staffing is a Delaware corporation with its principal place of business in Texas; (4) Defendant Pepco is a Virginia corporation with its principal place of business in Washington, DC; (5) Defendant Jeff Thorn is a resident of West Virginia; and (6) the amount in controversy in this matter exceeds $75,000.00.  *Id*. at 1-2.  And so, the Defendants maintain that the Court possesses original diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a).[1]  *Id*. at 1.

---

[1] Defendants argue that the complaint sets forth "[n]o viable cause of action . . . for Defendant Erick Taylor," who is a Maryland resident, and that the Plaintiff joined Defendant Erick Taylor "solely to defeat diversity jurisdiction."  ECF No. 1 at 1-2.

On June 26, 2024, Plaintiff filed a motion to remand. ECF No. 18. On July 10, 2024, Defendants Specialist Staffing and Jeff Thorn filed a response in opposition to Plaintiff's motion to remand. ECF No. 20. Plaintiff filed a reply brief on July 24, 2024. ECF No. 21.

Plaintiff's motion to remand having been fully briefed, the Court resolved the pending motion.

## Standards of Decision

### A. Diversity Jurisdiction And Removal Of State Court Actions

It is well-established that federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377 (1994). Specifically, district courts possess jurisdiction over civil actions where the matter in controversy exceeds $75,000.00 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be "complete diversity," meaning that "none of the plaintiffs may share citizenship with any of the defendants." *Khaliq v. Parexel Int'l*, 2018 WL 39998967, at *1 (D. Md. Aug. 21, 2018) (quoting *Owens-Ill., Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999)).

Relevant to the pending motion to remand, a defendant may remove a case filed in state court to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1441, if: (1) there is complete diversity between all named plaintiffs and all named defendants and (2) no defendant is a citizen of the forum. *See* 28 U.S.C. § 1441(b). The United States Court of Appeals for the Fourth Circuit has held that complete diversity of citizenship must be established at the time of removal. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (holding that a case must fall "within the 'original jurisdiction' of the federal court"). The Fourth Circuit has also held that the party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted); *see also Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (noting that the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction."); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

This Court must remand any case in which it lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."); *see also In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).  Given this, if the plaintiff challenges removal in a motion to remand, the burden is on the defendant to demonstrate that removal jurisdiction is proper.  *Strawn*, 530 F.3d at 297; *see also Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009).  The Fourth Circuit has held that removal jurisdiction is strictly construed.  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).  And so, "any doubts should be resolved in favor of state court jurisdiction."  *Barbour v. Int'l Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

### B. Fraudulent Joinder

The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of nondiverse defendants, assume jurisdiction over a case [and] dismiss the nondiverse defendants."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).  The Fourth Circuit has held that the removing party must "demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts[,]' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'"[2]  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original).  To satisfy this heavy burden, the party claiming fraudulent joinder must show that the plaintiff cannot establish a claim against a non-diverse defendant, even after all issues of fact and law are resolved in the plaintiff's favor.  *Riverdale Baptist Church v. Certainteed Corp.*, 349 F. Supp. 2d 943, 947 (D. Md. 2004); *see also Mayes*, 198 F.3d at 466 (holding that a mere "glimmer of hope" for relief is sufficient for a plaintiff to overcome a claim of fraudulent joinder); *Marshall*, 6 F.3d at 233

---

[2] When a defendant asserts fraudulent joinder, the Court "is not bound by the allegations of the pleadings" to resolve that question.  *AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).  Instead, the Court may consider the entire record to verify that the plaintiff properly joined a non-diverse defendant.  *See Riverdale Baptist Church v. Certainteed Corp.*, 349 F. Supp. 2d 943, 947 (D. Md. 2004).

(noting that a plaintiff's claim against a non-diverse defendant "need not ultimately succeed to defeat removal" and that "only a possibility of a right to relief need be asserted").

## Analysis

The Plaintiff has moved to remand this matter to the Circuit Court for Prince George's County, Maryland, upon the grounds that the Court does not possess subject-matter jurisdiction over this case. *See generally* ECF No. 18. In this regard, the Plaintiff argues that he and Defendant Erick Taylor are both Maryland residents, thereby precluding diversity jurisdiction in this case. *Id*. at ¶ 4. Defendants Specialist Staffing and Jeff Thorn counter that removal of this matter was appropriate, because Defendant Erick Taylor was fraudulently joined to this case solely to defeat diversity jurisdiction. *See generally* ECF No. 20. And so, Defendants Specialist Staffing and Jeff Thorn request that the Court deny Plaintiff's motion to remand. *Id*. at 6.

For the reasons that follow, the pleadings and facts in this case make clear that: (1) the Court does not possess subject-matter jurisdiction over this case, because there is not complete diversity between the Plaintiff and all Defendants and (2) the Defendants have not shown that the fraudulent joinder doctrine should apply to this case with regards to Defendant Erick Taylor. And so, the Court: (1) GRANTS Plaintiff's motion to remand and (2) REMANDS this matter to the Circuit Court for Prince George's County, Maryland.

As an initial matter, Plaintiff persuasively argues that a remand of this civil action to the Circuit Court for Prince George's County is appropriate, because the Court does not possess subject-matter jurisdiction over this case. As the parties seeking to remove this action to federal court, Defendants Specialist Staffing and Jeff Thorn bear the burden of "demonstrat[ing] the federal court's jurisdiction over the matter." *Strawn*, 530 F.3d at 296 (citation omitted). Because Defendants removed this case on the basis of diversity jurisdiction, they must show that: (1) there is complete diversity between Plaintiff and all named Defendants and (2) no Defendant is a citizen of the forum. *See* 28 U.S.C. § 1441(b).

It is undisputed that the Plaintiff is a Maryland resident. ECF No. 1 at ¶ 2; ECF No. 3 at ¶ 1. It is also undisputed that Defendant Erick Taylor is a Maryland resident. ECF No. 1 at ¶ 2; ECF No. 3 at ¶ 7. Given this, the Court does not possess subject-matter jurisdiction over this case, because there is not complete diversity between the Plaintiff and all named Defendants.

The Defendants' argument that Defendant Erick Taylor has been fraudulently joined as a defendant in this case is also unpersuasive.  To show that the Plaintiff fraudulently joined Defendant Erick Taylor in this case, Defendants must "demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts[,]' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marshall*, 6 F.3d at 232) (emphasis in original).[3]  But the complaint in this case makes clear that Defendant Erick Taylor operated the scissor lift in which the Plaintiff alleges he was elevated when the arc flash occurred at the Pepco Substation, causing him to suffer serious burns and other injuries on December 3, 2021.  ECF No. 3 at ¶¶ 23-26.  Given this, the Court is satisfied that the Plaintiff has, at a minimum, "a possibility of a right to relief" against Defendant Erick Taylor for negligence.  *Marshall*, 6 F.3d at 233; *see also Riverdale Baptist Church*, 349 F. Supp. 2d at 947; *Mayes*, 198 F.3d at 466.  And so, Plaintiff did not fraudulently join Defendant Erick Taylor to this action.

## Conclusion

Because there is not complete diversity of the parties in this case and the pleadings and facts before the Court do not show that the Plaintiff fraudulently joined Defendant Erick Taylor as a defendant in this case, the Court:

(1) **GRANTS** Plaintiff's motion to remand (ECF No. 18); and

(2) **REMANDS** this matter to the Circuit Court for Prince George's County, Maryland.


 IT IS SO ORDERED.

s/ Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge

---

[3] The Court observes that Defendants Specialist Staffing and Jeff Thorn do not assert "outright fraud" as a basis for their fraudulent joinder argument.  ECF No. 20 at 4-5.

6